# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. CHARLES SHULRUFF, D.D.S., ) | | |
| on behalf of plaintiff and ) | | |
| the class members defined herein, ) | | |
| ) | | |
| Plaintiff, ) | 16-cv-999 | |
| ) | | |
| v. ) | Honorable Judge Ellis | |
| ) | Magistrate Judge Rowland | |
| INTER-MED, INC., ) | | |
| and JOHN DOES 1-10, ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT

On July 26, 2016, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Inter-Med, Inc., d/b/a Vista Dental Products ("Defendant") and Plaintiff Dr. Charles Shulruff, DDS ("Plaintiff"), individually and as representative of the settlement class of persons defined below (the "Settlement Class"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On November 22, 2016, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities within the United States to whom Inter-Med sent Facsimile Advertisements promoting its goods or services at any time from August 26, 2011 through the date of signature of the settlement agreement.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the class; (d) Plaintiffs will fairly and adequately protect the interests of the class; (e) Plaintiffs' counsel is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. That Plaintiffs are designated as representatives of the Settlement Class for purposes of the settlement.

7. Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, McCallum Methvin & Terrell and Edelman, Combs, Latturner & Goodwin, LLC are appointed as Class Counsel for purposes of the settlement.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort. The Class Notice and Settlement Agreement (without exhibits) were also posted on InterMedTCPAsettlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 497 valid and timely claim forms were submitted.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. A total of 0 entities have validly requested exclusion from the Settlement Class.

12. Upon entry of this Order Finally Approving the Settlement, Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

13. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $132,333.33 as an award of attorney's fees and $14,100.98 in out of pocket expenses to be paid from the Settlement Fund, and finds this amount of fees and expenses to be fair and reasonable.

15. The Court grants Class Counsel's request for an incentive award to the class representatives and awards each of the Plaintiffs $5,000.00. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

## Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

19. The Class Administrator shall make the *cy pres* payment to Legal Action of Wisconsin thirty (30) days after expiration of the void date on the Class Members' checks.

ENTER:

Dated: November 22, 2016                    _____

United States District Judge Sara L. Ellis